UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN O'QUINN, | No. 2:02-cv-0308-MCE-GGH |
| Plaintiff, | |
| v. | ORDER |
| RALEY'S AND BEL AIR, a California Corporation; JOYCE RALEY TELL, an individual; MICHAEL J. TEEL, an individual, | |
| Defendants. | |

After reviewing the parties' January 9, 2006 Joint Status Report, the Court makes the following order.

I.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **November 7, 2006** at **1:30 p.m.** At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.

///
///
///

1

1    If by reason of illness or other unavoidable circumstance a
2 trial attorney is unable to attend, the attorney who attends in
3 place of the trial attorney shall have equal familiarity with the
4 case and equal authorization to make commitments on behalf of the
5 client.
6    Counsel for all parties are to be fully prepared for trial
7 at the time of the Final Pretrial Conference, with no matters
8 remaining to be accomplished except production of witnesses for
9 oral testimony.
10    The parties shall file, not later than **October 24, 2006**, a
11 joint pretrial statement.  The provisions of Local Rules 16-281
12 shall apply with respect to the matters to be included in the
13 joint pretrial statement.  In addition to those subjects listed
14 in Local Rule 16-281(b), the parties are to provide the court
15 with a plain, concise statement that identifies every non-
16 discovery motion tendered to the court and its resolution.
17 Failure to comply with Local Rule 16-281, as modified by this
18 order, may be grounds for sanctions.
19    At the time of filing the Final Pretrial Conference
20 Statement, counsel shall also electronically mail to the court in
21 digital format compatible with Microsoft Word or WordPerfect, the
22 joint pretrial statement in its entirety including the witness
23 and exhibit lists.  **These documents shall be sent to:**
24 **mceorders@caed.uscourts.gov.**
25    The parties should identify first the core undisputed facts
26 relevant to all claims.  The parties should then, in a concise
27 manner, identify those undisputed core facts that are relevant to
28 each claim.

The disputed facts should be identified in the same manner. Where the parties are unable to agree as to what disputed facts are properly before the court for trial, they should nevertheless list all disputed facts asserted by each party.
Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 16-281 they are required to list in the Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists.

///
///

These list(s) shall not be contained in the body of the Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendants' exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the court: pink for plaintiff and blue for defendant. In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc. All multi page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses. In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>. The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Amanda Souvannarath, the Courtroom Clerk, no later than **3:00 p.m.** on **December 6, 2006.**

1    The parties also are reminded that pursuant to Rule 16 of
2 the Federal Rules of Civil Procedure it will be their duty at the
3 Final Pretrial Conference to aid the court in: (a) the
4 formulation and simplification of issues and the elimination of
5 frivolous claims or defenses; (b) the settling of facts that
6 should properly be admitted; and (c) the avoidance of unnecessary
7 proof and cumulative evidence.  Counsel must cooperatively
8 prepare the joint Final Pretrial Conference Statement and
9 participate in good faith at the Final Pretrial Conference with
10 these aims in mind.  A failure to do so may result in the
11 imposition of sanctions which may include monetary sanctions,
12 orders precluding proof, elimination of claims or defenses, or
13 such other sanctions as the court deems appropriate.
14    II. TRIAL SETTING
15    The trial is set for **December 13, 2006 at 9:00 a.m.**  Trial
16 will be by jury.  The panel will consist of **nine (9) jurors**.  The
17 parties estimate a trial length of **fourteen (14) days**.
18    III. SETTLEMENT CONFERENCE
19    No settlement conference is currently scheduled.  A
20 settlement conference may be set at the parties' request.  In the
21 event a settlement conference date is requested, the parties
22 shall file said request jointly, in writing.
23    Counsel are instructed to have a principal with full
24 settlement authority present at the Settlement Conference or to
25 be fully authorized to settle the matter on any terms.  At least
26 seven (7) calendar days before the Settlement Conference, counsel
27 for each party shall submit to the chambers of the settlement
28 judge a confidential Settlement Conference Statement.

1  Such statements are neither to be filed with the Clerk nor served
2  on opposing counsel.  Each party, however, shall serve notice on
3  all other parties that the statement has been submitted.  If the
4  settlement judge is not the trial judge, the Settlement
5  Conference Statement shall not be disclosed to the trial judge.
6       After the Final Pretrial Conference, the court will not set
7  a settlement conference.  The parties are free, however, to
8  continue to mediate or attempt to settle the case with the
9  understanding that the trial date is a firm date.
10      IT IS SO ORDERED.
11 DATED: February 13, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE