1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  JOHN O'QUINN,
                                    No. 2:02-CV-00308-MCE-KJM
12          Plaintiff,

13      v.                          MEMORANDUM AND ORDER

14  RALEY'S AND BEL AIR, a
    California Corporation; JOYCE
15  RALEY TEEL, an individual;
    MICHAEL J. TEEL, an
16  individual,

17          Defendants.

18                          ----oo0oo----

19

20      The above matter came before the Court upon Defendant

21  Raley's Motion to Vacate Second (Punitive Damages) Phase of

22  Trial, filed on September 12, 2007.  Following its review of the

23  papers submitted, the Court conducted a hearing on September 21,

24  2007 at 9:00 a.m.  Larry Baumbach appeared on behalf of

25  Plaintiff; Mark Van Brussel appeared on behalf of Defendants.

26  ///

27  ///

28  ///

                                  1

Plaintiff sued Defendants claiming disparate treatment employment discrimination under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, *et seq.*  This case was tried by a jury on the issue of liability from August 27 to August 29, 2007.  On August 31, 2007, the jury rendered a verdict in favor of Plaintiff in the amount of $455,500.  The Court then ordered the jury and the parties to return on September 28, 2007 for the second phase of trial, the punitive damages phase.

Raley's now moves to vacate the punitive damage phase of the trial.  Raley's argues that, although Plaintiff brought suit under both federal and state claims, that Plaintiff abandoned his state law claim when he failed to request California Approved Civil Jury Instructions ("CACI") on that claim.  Accordingly, Raley's argues that Plaintiff proceeded only on his federal claim and that 42 U.S.C. § 1981a caps his damages at $300,000.00.

Plaintiff's FEHA claim has not been disposed of by way of a motion to dismiss or a motion for summary judgment.  Raley's cites no case law to support its argument that Plaintiff abandoned his state law claim by failing to request a CACI instruction on that claim.  This Court has found no legal authority that supports that proposition.

At oral argument, counsel for Raley's was unable to provide the Court with any other basis to support its claim that Plaintiff abandoned his FEHA claim.

///

///

2

1   The Final Pretrial Order directed the parties to submit Ninth
2   Circuit Model Jury Instructions and to only use alternate
3   instructions if a Ninth Circuit Model Instruction was
4   unavailable.  Plaintiff had one claim for employment
5   discrimination under both Title VII and FEHA.  By Raley's own
6   admission, "the analysis of such claims under each statute is
7   virtually identical."  Def.'s Trial Br. 3:4.  Accordingly, this
8   Court finds that Plaintiff did not abandon his FEHA claim.

9       Further, according to the Ninth Circuit precedent cited by
10  the parties, the Court has broad discretion to allocate the
11  damages award and has a general obligation to uphold lawful jury
12  awards wherever possible.  *Pavon v. Swift Transp. Co., Inc.*, 192
13  F.3d 902, 910 (9th Cir. 1999); *Passantino v. Johnson & Johnson*
14  *Consumer Products Inc.*, 212 F.3d 493, 509-510 (9th Cir. 2000).
15  Raley's concedes this Court has discretion to allocate the
16  damages awarded by the jury.  However, Raley's attempts to
17  distinguish *Passantino* the basis that in that case the jury form
18  indicated that the jury found for the plaintiff on both state and
19  federal claims.  Although the jury verdict form in this case,
20  which Raley's submitted jointly with Plaintiff, does not
21  distinguish between federal and state claims, it does not
22  necessarily follow that the jury found for Plaintiff only on his
23  federal claim.  The verdict form in the instant case asks only
24  two questions.  First, whether Plaintiff had proved that his race
25  as the sole reason Defendants decided not to promote Plaintiff,
26  and second, whether Plaintiff suffered injury, damage, loss or
27  harm as a result.
28  ///

Although it is not clear that the jury found for Plaintiff under both Title VII and FEHA, there is also no evidence upon which to base a finding that the jury specifically found for Plaintiff on his federal claim and specifically denied his state claim.

Finally, Raley's argues that California law requires instructions on the heightened standards for awarding punitive damages under FEHA and that California law requires these instructions be given in the first phase of trial.  Without addressing the merits of this argument, the Court finds that even if this were the case, at most failing to give the instruction would only bar recovery of punitive damages as to Plaintiff's FEHA claim.  Should the jury award punitive damages in the second phase of trial, this Court could exercise its discretion to allocate the compensatory damages to the FEHA claim, then allocate the punitive damages, if any, to the Title VII claim and apply the damages cap under section 1981a.  As such, the appropriate result is not to vacate the punitive damages phase, but rather to allow the jury to deliberate on the issue of punitive damages, and then to allocate the award as appropriate and in a manner which adheres to this Court's obligation to uphold lawful jury awards wherever possible.

Additionally, the Court notes that Raley's points to both the jury instructions and the jury verdict form in support of its argument.  While these documents could certainly be clearer, pursuant to the Final Pretrial Order, both parties were responsible for the preparation of these documents and the parties settled the jury instructions with the Court before they were given to the jury.

4

1  Raley's had ample opportunity to clarify these issues prior to
2  trial and chose not to do so.

3      Because there are no grounds upon which to deny Plaintiff
4  from proceeding with the second phase of trial, Raley's Motion to
5  Vacate the Second (Punitive Damages) Phase of Trial is hereby
6  DENIED.

7

8      IT IS SO ORDERED.

9
   Dated: September 25, 2007
10

11

12                                      _____
                                        MORRISON C. ENGLAND, JR.
13                                      UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      5