1  LARRY L. BAUMBACH
   State Bar No. 50086
2  LAW OFFICES OF LARRY L. BAUMBACH
3  686 Rio Lindo Avenue
   Chico, CA 95926
4  Telephone: 530-891-6222

5  Attorney for Plaintiff JOHN O'QUINN

6

7                   UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10  JOHN O'QUINN.                          Case No.:  CIV. S-02-0308 MCE JFM

11                      Plaintiffs,         **POINTS AND AUTHORITIES IN
                                            SUPPORT OF MOTION FOR
12      vs.                                 ATTORNEY'S FEES AND COSTS**

13                                          Date:  December 7, 2007
    RALEY'S and BEL AIR, a California       Time:  9:00 a.m.
14  Corporation; JOYCE RALEY TEEL, an       Dept:  3
    individual; MICHAEL J. TEEL, an
15  individual,

16                      Defendants,         The Honorable Morrison C. England, Jr.

17

18

19          **ATTORNEY FEES APPROPRIATE UNDER TITLE VII AND FEHA**

20          In this action Plaintiff has brought his discrimination and retaliation claims under Title

21  VII and under California's Fair Employment and Housing Act (FEHA).  FEHA expressly

22  authorizes an award of attorney's fees under certain circumstances.  Specifically, FEHA

23  provides that "in actions brought under this section, the Court in its discretion may award to

24  the prevailing party reasonable attorney's fees and costs …" California Government Code

25  §12965(b).   Generally under FEHA a prevailing party should ordinarily be awarded

26  attorney's fees "unless special circumstances would render an award unjust." *Stephens v.*

27  *Coldwell Banker Commercial Group, Inc.*, 199 Cal. App. 3rd 1394, 1405 (1988)

28

1    FEHA also depends on private enforcement to effectuate its goals.  See _Flannery v._

2 _Prentice_, 26 Cal. 4th 572, 582-83 (2001) construing attorney's fees provisions to insure

3 proper incentives for private enforcement of FEHA.  In _Maroeno v. City and County of San_

4 _Francisco_, (1983) 567 F. supp. 458, the Court held that a Title VII plaintiff was entitled to

5 recover attorney's fees.  The _Maroeno_ case cited _New York Gaslight Club, Inc. v. Carey_,

6 447 US 54 (1979), which held that a plaintiff prevailing in an EEOC action was entitled to

7 attorney's fees he incurred in pursuing his state remedies.

8    In _Davis v. City and County of San Francisco_, 976 F2d 1536 (9th Cir. 1992), the

9 District Court was found to have properly allowed appellee's counsel to supplement their

10 time sheets with additional documentation of their efforts.

11
12
13
14
15
16
    "Basing the attorney's fee award in part on reconstructed records developed by reference to litigation files and other records is not an abuse of discretion.  (Bonnette v. California Health and Welfare Agency, 704 F2d 1465, 1473 (9th Cir. 1983)  The District Court found appellee's counsel reconstructed records which drew on agendas and summaries of meetings and the notes and timesheets of co-counsel to be extensive. (_United States v. City and County of San Francisco_, 748 F. supp. 1416, 1420 (n.d. Cal. 1990) and we do not find it to have abused its discretion in reaching this conclusion."

17                          **LODESTAR CALCULATION**

18    In _Crommie v. State of California Public Utilities Commission_, 840 F. supp. 719 (n.d.)

19 Cal. (9th Cir. 1994), the calculation of the lodestar amount commenced with the product of

20 reasonable hours and reasonable rate and under California fee shifting provisions, a

21 multiplier may be awarded after consideration of a number of factors, including:  (1) the

22 novelty and difficulty of the questions involved; and the skill displayed in presenting them;

23 (2) the extent to which the nature of the litigation precluded the employment by the

24 attorneys; (3) the contingent nature of the fee award both from the point of view of eventual

25 victory on the merits and the point of view establishing eligibility for an award.

26    _Serrano III_, 20 Cal. 3d at 49; _Serrano v. Unruh_, 32 Cal. 3d 621, 625, note 6; _Maria P._

27 _v. Riles_, 43 Cal. 3d 1281, 1294, note 8 (1987)  The purpose of contingent risk inquiry is to

28 determine a fee that is likely to entice competent counsel to undertake difficult public

interest cases.  See also, _Beasley v. Wells Fargo Bank_, 235 Cal. App. 3rd 1407, 1419

1  (1991) (purpose of contingent risk multipliers is to attract attorneys to cases of significant

2  societal importance and to compensate for the risk of loss generally in contingent cases as

3  a class.)

4      Reasonable fees may be awarded for establishing an entitlement to attorney's fees.

5  _Jensen v. Stangle_, 790 F2d 721, 722 (9th Cir. 1985).

6  **CONCLUSION**

7      Plaintiff's calculation of fees is based upon eminently reasonable factors.  Plaintiff's

8  application is realistic and conservative.  Plaintiff requests the Court consider a multiplier of

9  adequate proportions.

10  Dated:  October  11  , 2007        **LAW OFFICES OF LARRY L. BAUMBACH**

12                        **LARRY L. BAUMBACH**