LARRY L. BAUMBACH
State Bar No. 50086
LAW OFFICES OF LARRY L. BAUMBACH
686 Rio Lindo Avenue
Chico, CA 95926
Telephone: 530-891-6222

Attorney for Plaintiff JOHN O'QUINN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN O'QUINN. <br><br> Plaintiffs, <br><br> vs. <br><br> RALEY'S and BEL AIR, a California Corporation; JOYCE RALEY TEEL, an individual; MICHAEL J. TEEL, an individual, <br><br> Defendants, | Case No.:  CIV. S-02-0308 MCE JFM <br><br> **DECLARATION OF LARRY L. BAUMBACH IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS SECTION 706(k) of TITLE VII (42 USC §2000e-5(k); FEHA** <br><br> Date: December 7, 2007 <br> Time: 9:00 a.m. <br> Dept: 3 <br><br> The Honorable Morrison C. England, Jr. |

I, Larry L. Baumbach, am an attorney at law duly licensed to practice before the Courts of the State of California as well as Federal Courts and am a member of this Court in good standing. The moving party, John O'Quinn, is the prevailing party in the subject action and is eligible to receive an award of attorney's fees under Title VII, 42 U.S.C. §2000e-5(k) and under FEHA, California's Fair Employment and Housing Act. *Commodore Home Systems, Inc. v. Superior Court*, 32 Cal. 3rd 211 (1982); California Gov't Code §12965b; *Stevens v. Coldwell Banker Commercial Group, Inc.* 199 Cal. App. 3rd 1394, 1405; 42 U.S.C. 1981; *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417, 98 Supreme Court 694 (1978).

My hourly rate is $250, a rate that is reasonable in my area of practice and unreasonably low based on my trial experience and the results obtained.

A true copy of my law office's itemization of services rendered and expenses incurred is attached hereto as Exhibit "A" and is incorporated herein by reference. Such represents a summary compiled from fully documented in detail time records, receipts, computer files, file notes and calendar entries maintained in the regular course of the undersigned's law practice. I have reviewed those time records and determine, in the exercise of billing judgment, to delete all recorded attorney time that arguably could be construed to be clerical or non-legal in character, and to not bill such time. The remaining tally of billed time includes only genuine attorney type work performed. For the appeal of this case, I agreed to a flat rate o $15,000.00, including travel associated with oral argument.

**THE NOVELTY AND DIFFICULTY OF THE QUESTIONS PRESENTED**

The issues submitted to the jury in this case were those of failure to promote due to racial discrimination. Although not new or extremely novel, the proof of such behavior on the part of a well financed and well represented defendant was daunting. The evidentiary basis upon which the case turned was difficult to present and complicated to manage. The vigorous defense that was thrown on behalf of the Defendant necessitated the filing of a motion for summary judgment and response thereto as well as the prosecuting of an appeal to the Ninth Circuit Court of Appeals as well as preparing the case for trial and presenting the facts to a jury.

The case was fraught with a constant barrage of documents from the defense including no less than five (5) separate motions under Rule 50 to dismiss the action all of which were denied after significant research in opposition thereto.

I am a 1972 admittee to the State Bar of California and a 1971 graduate of the University of Pacific McGeorge School of Law. In 1972 I was admitted to the Southern District Court of the United States and a 2002 admittee to the Supreme Court of the United States of America and I am an admittee to the Bar of the Eastern District. I have pursued

numerous post law school studies at the University of Southern California. I have served as a partner in the Law Firm of Maroney, Demchuk, Brandt and Baumbach of Upland, California for six (6) years and then in private practice in Chico, California since 1979. I have practiced in the area of civil rights and employment law for my entire career, as well as personal injury law. I have tried in excess of 200 jury trial cases over my career, many in Federal Court but most in State Court. From approximately 1989 to the present time I have worked as a sole practitioner from my office in Chico, California, located at 686 Rio Lindo Avenue in Chico. My primary area of concentration is employment law and civil rights under the California Fair Employment and Housing Act, the California Labor Code under Title VII, and 42 USC 1983. I represent whistleblowers, wrongfully fired or cheated employees and occasional employers in defense cases. My clients are from all walks of life from harassed secretaries to executives of large corporations. Throughout my legal career I have served as counsel in more than 100 employment law cases, some negotiated and some litigated, both for employers and employees and have turned down at least 500 others after giving them brief pro bono advice.

I recently tried an employment law case in Butte County, California and after receiving a general damage award and prior to the trial of the punitive phase, the case was resolved. After a recent hearing before Judge Karlton of the Eastern District, Judge Karlton commented from the bench, "Mr. Baumbach, you can take this as a compliment or you can take it as a criticism, but you take some very difficult cases." I chose to accept the comments as a compliment and thereafter entered into settlement negotiations in an insurance malpractice failure to defend action (one of the cases then pending in the Eastern District) which settled for $450,000.00.

I am presently counsel for a case in the Eastern District entitled *Deorle v. Rutherford* which has been to the Ninth Circuit Court of Appeals for three (3) separate decisions and which has been to the United States Supreme Court where certiorari was denied on the last day of the Court's session and which is now back in the Eastern District for jury trial. The Ninth Circuit's published decision in the case of *Deorle v. Rutherford* has been cited by

commentators and in treatises as well as other cases more than 100 times. To this date I have not received any fees for the Deorle case.

The Plaintiff in this case first contacted my office in June, 2003, having been recommended by his union to seek out legal counsel. After considerable time in reviewing the details of Mr. O'Quinn's experience working in the back room of Raley's for more years than was commonly required of other employees, without significant promotion and without adequate recognition for his valuable contributions to the company, a lawsuit was filed. The agreement was that Mr. O'Quinn would not pay attorney's fees but that the attorney's fees would be contingent upon successful completion of the case and that any statutory attorney's fees that would be awarded in the case would be part of the general recovery but not so as to alleviate the portion of the fees that would be provided under the contract.

### DEFENDANT'S DELIBERATE CHOICE TO ASSUME ATTORNEY'S FEES RISK

At numerous times prior to this litigation, the Plaintiff has sought to discuss settlement of this case with the Defendant and at each juncture the Defendant has failed to respond with any offer whatsoever. On February 12, 2007 Plaintiff sent a letter to counsel for the defense making a demand in the amount of $450,000.00, a copy of said letter is attached hereto as Exhibit "B" and herewith incorporated. No response was ever made to the demand and the Defendants have always been aware and if not, have been made aware by Plaintiff's counsel that attorney's fees were an element of the damages that were being sought and that by settling the claim in advance of trial could have avoided additional attorney's fees. At numerous stages in this case, the Plaintiff has been receptive to settlement demands that were even below that stated in Exhibit "B". However, to this very day no offer has been forthcoming from the Defendants who have stubbornly resisted any attempts to resolve this case.

It should also be noted that in closing argument, the Defense attempted to appear extremely sincere, stated it regrets that it has violated the rights of the Plaintiff, indicated a desire to modify and change its behavior, an assertion, the truth of which is presently being tested.

## THE PRECLUSION OF OTHER EMPLOYMENT BY ATTORNEY BECAUSE OF ACCEPTANCE OF THE ACTION

During the course of this case, I have been offered other complex employment cases which I have declined due to the difficulty in a sole practitioner dealing with too many complex cases. In fact, for the six (6) months prior to trial of this case, the standard office response to inquiries about new cases has been that we are presently not taking new cases due to the pending trial.

The numbers of attorneys in the Chico area who handle cases involving the complexities of O'Quinn are, according to my understanding, two in number: myself and one other. I have been involved in prosecuting this case for six (6) years and its conclusion has been more successful than I had anticipated when I commenced representing the Plaintiff, however, I did recognize that the Plaintiff was a highly productive member of society and deserved every effort to bring this matter to a successful conclusion on his behalf.

## THE PUBLIC INTEREST IN THE OUTCOME OF THIS CASE

This case was reported in the *Sacramento Bee* at least four (4) separate occasions and by Raley's own admission has resulted in a re-examination of the racial and promotional policies of the Raley's Corporation which as the evidence during the trial showed operates approximately 130 stores employing more than 5,000 employees. The effects of this verdict and judgment will be far reaching and may continue effecting the policies and procedures of Raley's into the distant future.

## THE CLAIM FOR ATTORNEY'S FEES SUBMITTED BY PLAINTIFF IS QUITE REASONABLE FOR A CASE OF THIS INTENSITY AND COMPLEXITY

Having achieved excellent results, Plaintiff's attorney is entitled to be fully compensated for his efforts. Utilizing the required "lodestar" method, the hourly rates claimed by Plaintiff's attorney are consistent with those charged by attorneys of comparable skill and experience in this market. Likewise, the reasonableness of the hours claimed is apparent from the heavy demands this lawsuit placed on me.

1  The Plaintiff also requests the Court take into account (1) the contingent nature of the fee recovery by Plaintiff's attorney; (2) Skills displayed by Plaintiff's attorney in presenting the case swiftly and efficiently; (3) The fact that the fees award will not be paid by the taxpayers; and (4) the importance of the case to the Plaintiffs and to the public.

When these factors are taken into account, Plaintiff suggests that the "lodestar" fee should be enhanced by a factor of 100%, i.e. a multiplier of 2.0. Such an award would then be consistent with those awarded by Federal Courts in these cases.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on October 11, 2007 at Chico, California.

_____
LARRY L. BAUMBACH