UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN O'QUINN,

      Plaintiff,

  v.

RALEY'S et. al.,

      Defendants.

No. 2:02-CV-00308-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

**BACKGROUND**

Plaintiff John O'Quinn ("Plaintiff") brought this suit against Defendant Raley's ("Defendant") claiming disparate treatment employment discrimination under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940, et seq.  This case was tried by a jury on the issue of liability from August 27 to August 30, 2007.  On August 31, 2007, the jury rendered a verdict in favor of Plaintiff in the amount of $455,500.

1

1  The jury found specifically that Plaintiff's race was the sole
2  reason for the Defendant's decision not to promote Plaintiff and
3  that Plaintiff suffered injury, damage, loss or harm as a result
4  of Defendant's decision not to promote Plaintiff.
5       The Court then ordered the jury and the parties to reconvene
6  on September 28, 2007 for the punitive damages phase of the
7  trial.  In the interim, Defendant moved to vacate the second
8  phase of trial based on the Title VII cap on damages and on
9  grounds of state procedural law.  The Court denied that motion to
10 vacate the finding that the Title VII cap does not apply to state
11 law claims and that the federal courts are not bound by
12 California's procedural rules.  On September 28, 2007, the jury
13 found that Defendant engaged in the conduct of not promoting
14 Plaintiff with malice, oppression, or fraud and assessed punitive
15 damages against Defendant in the amount of $950,000. Accordingly,
16 judgment was entered against Defendant in the amount of
17 $1,405,500.
18      Subsequently, Defendant brought this Motion for Judgment as
19 a Matter of Law and a Motion for New Trial.[1]  Although filed as
20 separate motions, the Court will resolve both by way of this
21 Order.
22 ///
23 ///
24 ///
25 ///

---

[1] Because oral argument will not be of material assistance, the Court orders these matters submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

2

**STANDARDS**

**1.   Motion for Judgment as a Matter of Law**

On a motion for judgment as a matter of law under Rule 50(b), a court must determine whether the evidence presented, when viewed in the light most favorable to the nonmoving party, leads to only one reasonable conclusion, and that conclusion is contrary to the verdict rendered at trial. *White v. Ford Motor Co.*, 312 F.38 998, 1010 (9th Cir. 2002); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51, 255 (1986). When resolving a motion for judgment as a matter of law, the court draws all reasonable inferences in light of the non-moving party, but does not make credibility determinations, nor does it weigh the evidence. *Settlegood v. Portland Pub. Schools*, 371 F.3d 503, 510 (9th Cir. 2004) (citing *Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 150 (2000)). "The district court may not reject the jury's verdict simply because another appears preferable." *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1037 (9th Cir. 2003) (citing *Reeves*, 530 U.S. at 149-50).

**2.   Motion for New Trial**

The grant or denial of a motion for new trial is left to the discretion of the trial court. *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990). Rule 59 provides for a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."

In ruling on a motion for new trial, a court is bound by historically recognized grounds. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (citing *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003)). The Ninth Circuit has recognized grounds for granting a new trial where "the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Id*. (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15 (9th Cir. 2000)).

**ANALYSIS**

**1.  Motion for Judgment as a Matter of Law**

Defendant moves for Judgment as a Matter of Law on two grounds. Defendant first argues that Plaintiff failed to meet his burden of proof as to the punitive damages claims and second that Plaintiff failed to meet his burden of proof as to his racial discrimination claim.

**A.  Plaintiff's State Law Claim for Punitive Damages**

Defendant asserts that Plaintiff did not present clear and convincing evidence to support a finding of malice, oppression or fraud on the part of Defendant and that there was no evidence that the employees who failed to promote Plaintiff were Defendant's officers, directors, or managing agents.

///

4

1    California Civil Code section 3294(a) allows for the
2 recovery of punitive damages if "it is proven by clear and
3 convincing evidence that the defendant has been guilty of
4 oppression, fraud, or malice."  Malice is defined as including
5 "conduct which is intended by the defendant to cause injury to
6 the plaintiff."  § 3294(c)(1).  Oppression is defined as
7 "despicable conduct that subjects a person to cruel and unjust
8 hardship in conscious disregard of that person's rights."
9 § 3294(c)(2).  For a corporation to be liable for punitive
10 damages under section 3294, "an officer, director, or managing
11 agent" must have committed the act of oppression, fraud, or
12 malice, or must have had advance knowledge of such an act by an
13 employee and either authorized, ratified, or consciously
14 disregarded the act.  § 3294(b).
15    Defendant's moving papers focus solely on the evidence of
16 interview panel, where five managers selected four employees for
17 the customer service manager position and excluded eight other
18 employees, including Plaintiff.  The evidence adduced at trial
19 established that Plaintiff worked for Defendant for several
20 decades, that Plaintiff was not promoted despite evidence of his
21 qualifications (including passing the manager's exam), that only
22 white employees were promoted to the positions Plaintiff sought,
23 and that Defendant lacked any African-American store directors.
24 Given the above, the jury's conclusion that Defendant acted with
25 malice, fraud, or oppression is a reasonable conclusion and is
26 not contrary to the only reasonable conclusion to be drawn from
27 the evidence.
28 ///

Further, based on the evidence of Defendant's conduct over the several decades of Plaintiff's employment, a jury could reasonably infer and conclude that Defendant's treatment of Plaintiff was authorized or ratified by one or more of Defendant's officers and directors.

### B.   Plaintiff's Race Discrimination Claim

Defendant argues that Plaintiff failed to make a *prima facie* case of racial discrimination and that Plaintiff failed to rebut Defendant's legitimate, nondiscriminatory reason for deciding not to promote Plaintiff.

Because of the similarity between state and federal discrimination laws, California courts follow the *McDonnell Douglas* burden-shifting test established by the U.S. Supreme Court. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 354 (2000). To establish a *prima facie* case for discrimination under FEHA and Title VII, a plaintiff must establish that "(1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Guz*, 24 Cal. 4th at 355; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

///
///
///

1    Defendant argues that Plaintiff did not establish a *prima
2 facie* case because he did not show that he was qualified for the
3 position. Defendant does not contest that Plaintiff is a member
4 of a protected class, or that he suffered an adverse employment
5 action. As to the other two elements, the evidence presented at
6 trial established that Plaintiff took and passed Defendant's
7 manager's exam, that Plaintiff worked for Defendant for many
8 years without promotion, and that a hiring panel of five white
9 managers promoted only white employees. Based on Plaintiff's
10 passing the manager's exam, the jury could have reasonably
11 concluded that Plaintiff was qualified for the position. From
12 the evidence establishing Plaintiff's many years of service
13 without promotion, contrasted against the promotion of other
14 employees who were white, less tenured, and in some cases trained
15 by Plaintiff, the jury could reasonably find a discriminatory
16 motive in Defendant's failure to promote Plaintiff. Therefore,
17 the verdict is not contrary to the only reasonable conclusion to
18 be drawn from the evidence.

19    Defendant next argues that Plaintiff did not rebut
20 Defendant's offered non-discriminatory reason - namely, that
21 Plaintiff was not qualified. This argument is circular. One
22 element of Plaintiff's *prima facie* case was that he was qualified
23 for the position. As set forth above, there was evidence from
24 which the jury could reasonably conclude that Plaintiff was
25 qualified for the position.
26 ///
27 ///
28 ///

7

Accordingly, the evidence presented at trial and viewed in the light most favorable to Plaintiff does not require that the only reasonable conclusion is contrary to the verdict rendered in this case. Therefore, Defendant's Motion for Judgment as a Matter of Law is DENIED.

### 2.  **Motion for New Trial**

Defendant brings its Motion for New Trial on three grounds. First, Defendant argues that the Court incorrectly instructed the jury as to emotional distress damages. Second, Defendant argues that the compensatory damages are excessive. Third, Defendant argues, based on the alleged excessive compensatory damages, that the punitive damages are also excessive. The Court will address each argument in turn.

### A.  **Instructional Error**

Erroneous or inadequate jury instructions can be the basis for granting a new trial. *Murphy*, 914 F.3d at 187. Defendant asserts two arguments in support of its motion for new trial based on instructional error. First, Defendant argues that the instruction given on emotional distress damages was inadequate and plainly erroneous. Second, Defendant argues that the Court erred in instructing the jury on emotional distress damages.

///
///
///

1  A party may assign as error "an error in an instruction 2 actually given if that party made a proper objection." Fed. R. 3 Civ. Proc. 51(d)(1)(A). The Ninth Circuit strictly enforces 4 Rule 51 and does not recognize a plain error exception to a 5 party's failure to object to a jury instruction. *Zhang v. Am.* 6 *Gem Seafoods, Inc.*, 339 F.3d 1020, 1030 (9th Cir. 2003) (citing 7 *Hammer v. Gross*, 932 F.2d 842, 847 (9th Cir. 1991). Therefore, 8 absent an objection to an instruction, a party is foreclosed from 9 arguing asserting error related to that instruction. *Hammer*, 10 932 F.2d at 848.

11  Here, Defendant concedes that it did not object to Jury 12 Instruction #12, the instruction on damages, including emotional 13 suffering. Defendant asserts that this Court should grant a new 14 trial because of the exceptional circumstances involving this 15 instruction, although Defendant is unable to reference any case 16 law providing for this type of exception to Rule 51. Defendant 17 asserts that the Court represented to the parties that the Court 18 would include the Ninth Circuit Model Rule 5.2 definition of 19 emotional pain and suffering damages. The instruction actually 20 given was not Model Rule 5.2, but rather an instruction submitted 21 by Plaintiff. Defendant and its counsel received a copy of the 22 instructions and were present in court as the instructions were 23 read aloud to the jury. Defendant failed to object to the 24 instruction at any point prior to the verdict. Having failed to 25 object, Defendant is now foreclosed from asserting instructional 26 error as a grounds for a new trial.
27 ///
28 ///

9

**B.   Excessive Compensatory Damages**

A jury's findings as to damages must be upheld unless "the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based on speculation or guesswork." *Del Monte Dunes at Monterey, Ltd., v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996). Defendant argues that the compensatory damages award is excessive because Plaintiff failed to present evidence of emotional distress damages and therefore the $455,500 verdict is clearly not supported by the evidence.

The Ninth Circuit does not require objective evidence of emotional damages in order to sustain a jury's award of damages for emotional pain and suffering. A plaintiff's testimony alone can support an award of emotional damages. *Passantino*, 212 F.3d at 513 (upholding emotional damages award where plaintiff testified that she experienced substantial anxiety from lost promotional opportunities and testimony was corroborated by husband and sister); *Zhang*, 339 F.3d at 1040 (upholding emotional damages award where plaintiff testified he was troubled and letters to his suppliers regarding his termination hurt his dignity and reputation).

Here, Plaintiff testified that working in management on the day shift was his life-long dream. Plaintiff volunteered a two-week vacation in order to learn bookkeeping to qualify for a management position. Plaintiff took tests as requested by Defendant and sat through several rounds of interviews.

///
///

10

1  Eventually Plaintiff stepped down from his position because he
2  felt he was not going to go anywhere and that his manager was not
3  keeping his promise.  Considering Plaintiff's testimony regarding
4  the more than 30-year period of his employment with Defendant, a
5  finding of compensatory damages in the amount of $455,500 is not
6  "grossly excessive or monstrous," nor is it clear that the
7  damages are not supported by the evidence.

### C.  Excessive Punitive Damages

Defendant argues that if the Court finds that the compensatory damages are excessive then the punitive damages are grossly excessive in comparison.  As set forth above, the compensatory damages are not excessive.  Therefore, the punitive damages - at approximately a 2:1 ratio to compensatory damages - are well within the single digit ratio required by *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

Accordingly, Defendant cannot establish that the verdict is contrary to the clear weight of the evidence, nor does the Court find that any miscarriage of justice occurred.  Therefore, Defendant's Motion for New Trial is DENIED.

### CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment as a Matter of Law is DENIED.  Defendant's Motion for New Trial is also DENIED.

///

Accordingly, Defendant's Motion to Stay Execution of, or Proceedings to Enforce, Judgment Pending Resolution of Post-Trial Motions is VACATED.

   IT IS SO ORDERED.

Dated: March 11, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

12