UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN O'QUINN,                              No. 2:02-CV-0308-MCE-KJM

      Plaintiff,

  v.                                       MEMORANDUM AND ORDER

RALEY'S et. al.,

      Defendants.

----oo0oo----

Through the present motions, Plaintiff John O'Quinn ("Plaintiff") seeks attorney's fees and litigation expenses as a result of a favorable judgment rendered by this Court on September 28, 2007 on his claims under Title VII and state law. Plaintiff's motions document the following: $53,614.79 for fees incurred for trial preparation and trial work, $3,061.47 in costs and litigation expenses, and $15,105.00 in fees and costs for appeal for a total of $71,676.26.

///

///

1

Defendant Raley's ("Defendant") opposes Plaintiff's requests, claiming that the fees, expenses, and costs sought are unwarranted, unreasonable, and, or, excessive.[1]

**BACKGROUND**

Plaintiff sued Defendant claiming disparate treatment employment discrimination under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940, et seq.  This case was tried by a jury on the issue of liability from August 27 to August 30, 2007.  On August 31, 2007, the jury rendered a verdict in favor of Plaintiff in the amount of $455,500.  The Court then ordered the jury and the parties to return on September 28, 2007 for the punitive damages phase of the trial.  In the interim, Defendant moved to vacate the second phase of trial based on the Title VII cap on damages and on grounds of state procedural law.  The Court denied that motion.  Subsequently, the jury assessed punitive damages against Defendant in the amount of $950,000.  Accordingly, judgment was entered against Defendant in the amount of $1,405,500.  Plaintiff, as the prevailing party in this litigation, has now filed both a Bill of Costs and a Motion for Attorneys Fees.  Defendant opposes both.

///

---

[1] Because oral argument will not be of material assistance, the Court orders these matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

**ANALYSIS**

**1.   Bill of Costs**

Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit may recover its costs "unless the court otherwise directs." The ultimate decision on whether to award costs is a matter within the trial court's discretion. *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591-92 (9th Cir. 2000). Pursuant to Local Rule 54-292(a), costs are to be awarded in conformity with the provisions of 28 U.S.C. § 1920, and such other provisions of law as may be applicable. Section 1920 provides for the recovery of costs necessarily incurred for use in the case. In addition, Local Rule 54-292(f)(11) allows the Court to tax other items it believes should be compensable "in the interest of justice." If the court declines to award costs as requested by the prevailing party it should specify its reasons for doing so. *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002).

Of the $3,061.47 requested in costs, Defendant contests the following: $25.73 for court reporter fees; $476.50 of the $609.50 of the subpoena costs; the $2,033.63 for deposition transcripts (including $34.00 for shipping and $50.35 for late fees); and the $74.30 cost for exhibits for Plaintiff's deposition. In response, Plaintiff withdraws his request for $25.73 for court reporter fees, the $34.00 for shipping, and the $50.35 for late fees.

///
///

1    Defendant objects to $476.50 of the $609.50 Plaintiff
2 requests for subpoena costs because, of the thirteen subpoenas
3 issued, ten witnesses did not testify and two were not
4 successfully served.  The mere fact that witnesses do not testify
5 does not render them unnecessary.  Nor does the fact that they
6 were not served render the attempts unnecessary.  Accordingly,
7 these costs shall not be reduced.
8    Defendant also objects to the costs related to deposition
9 transcripts of several witnesses, including Plaintiff.  The basis
10 of Defendant's argument is that because the transcripts were not
11 used in trial, they were not necessarily obtained for use in the
12 case.  Defendant's argument lacks merit.  The transcripts
13 obtained were reasonable under the circumstances of this case,
14 and the costs incurred are appropriate.
15    Finally, Defendant objects to exhibit costs in the amount of
16 $74.30 for exhibits used in depositions.  These costs represent
17 the amount charged by the reporting service to copy the exhibits
18 used in the depositions.  Accordingly, these costs are
19 recoverable.
20    Given the foregoing, costs are taxed in favor of Plaintiff
21 as stated in his Bill of Costs, except that: (1) court reporter
22 fees are disallowed in the amount of $25.73; (2) deposition fees
23 are reduced by $84.35.  Therefore, total costs are awarded in the
24 sum of $2,951.39.
25 ///
26 ///
27 ///
28 ///

4

**2.   Attorney's Fees**

In actions such as the present matter, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 2000e-5(k). A prevailing plaintiff under a statute so worded "should recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1976).

In support of his motion for attorney's fees, Plaintiff has submitted a "Billing Summary" showing the following fees: $8,738.06 for "general work up to trial preparation," $44,876.73 for "trial work: preparation and expenses," and $15,000.00 for "appeal flat rate." The total amount is $68,614.79. In addition, Plaintiff has submitted a declaration from his attorney, Larry Baumbach. According to Mr. Baumbach, his hourly rate is $250 per hour. Mr. Baumbach states that the rate is reasonable in his area of practice. Plaintiff has not designated the number of hours his attorney worked on the case. However, based on the amount of fees shown on the invoice, it appears that Mr. Baumbach spent approximately 214.5 hours on the case, excluding the flat fee for the appeal. Plaintiff requests the Court apply a lodestar multiplier of 2.0 to his claim for attorney's fees.

"In determining the amount of fees to be awarded, a district court is to consider the guidelines set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)." *Probe v. State Teachers' Retirement System*, 780 F.2d 776, 784 (9th Cir. 1986).

1  The guidelines set forth in *Kerr* include: "(1) the time and labor
2  required, (2) the novelty and difficulty of the questions
3  involved, (3) the skill requisite to perform the legal service
4  properly, (4) the preclusion of other employment by the attorney
5  due to acceptance of the case, (5) the customary fee, (6) whether
6  the fee is fixed or contingent, (7) time limitations imposed by
7  the client or the circumstances, (8) the amount involved and the
8  results obtained, (9) the experience, reputation, and ability of
9  the attorneys, (10) the 'undesirability' of the case, (11) the
10 nature and length of the professional relationship with the
11 client, and (12) awards in similar cases."   526 F.2d at 70.
12      In support of his motion, Mr. Baumbach asserts that: he took
13 the case on a contingency agreement, that the case was "not new
14 or extremely novel," that he faced a constant barrage of
15 documents from Defendants, that he proposed settlement at several
16 times during the course of the case, that he had to turn away
17 prospective clients for six months, that the case was reported in
18 the newspaper several times, and that his request is reasonable.
19      This Court finds that Plaintiff's request of attorney's fees
20 in the amount of $68,614.79 is not unreasonable.  However,
21 Plaintiff has not met his burden of proof that a lodestar
22 enhancement is warranted in this case.  Accordingly, Plaintiff
23 shall be awarded attorney's fees in the amount of $68,614.79.
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Total costs are awarded to Plantiff in the sum of $2,951.39. Attorney's fees are awarded to Plaintiff in the amount of $68,614.79.

IT IS SO ORDERED.

Dated: August 18, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE